UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Anthony Izuogu,<br><br>      Plaintiff,<br><br> -against-<br><br>Credit Agricole Corporate and Investment Bank (CACIB),<br><br>      Defendant. | 24-CV-4329 (DEH) (RFT)<br><br>**OPINION & ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

  Defendant is seeking a stay of discovery until after the Court has issued a decision on Defendant's motion to dismiss the complaint (ECF 10), which was filed on October 4, 2024, and which will be fully briefed by January 15, 2025.

  Rule 26(c) of the Federal Rules of Civil Procedure permits a court to stay discovery "for good cause shown." When determining whether discovery should be stayed pending a decision on a motion to dismiss, courts consider the breadth of the discovery being sought and the burden of responding to the discovery requests, the strength of the motion to dismiss, and the prejudice to the party opposing the stay. *See, e.g., Richardson v. City of New York*, No. 21-CV-5080 (PAE) (KHP), 2022 WL 2003340, at *1 (S.D.N.Y. June 6, 2022); *Sigma Lithium Corp. v. Gardner*, No. 23-CV-7403 (DEH), 2024 WL 2867504, at *1 (S.D.N.Y. June 4, 2024).

  After reviewing the Complaint (ECF 1), the memorandum in support of the motion to dismiss (ECF 11) and supporting declaration (ECF 12), the letter motion for a stay of discovery (ECF 23), and the letter response in opposition to the motion for a stay of discovery (ECF 26), I conclude that Defendant has met its burden of showing that there is good cause for the stay.

The parties have not yet exchanged discovery requests, so it is not clear how broad discovery would be. Plaintiff argues that Defendant has not made a concrete showing of burden and that the discovery stay should therefore be denied. (*See* ECF 26, Letter Response at 3-4.) However, the Complaint covers several incidents of alleged discrimination involving several individuals over an 18-month period. Therefore, the discovery sought is likely to be somewhat broad, which, while not dispositive, weighs in favor of a stay of discovery. *See Richardson,* 2024 WL 2003340, at *1.

The strength of the underlying motion to dismiss also counsels in favor of granting a stay. This is the case because the motion is "not unfounded in the law." *See id.* at *2; *see also Spencer Trask Software & Info*. Servs*., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). I do not, by this conclusion, predict the outcome of the motion, which will be decided by Judge Ho and which is not yet fully briefed. Plaintiff argues that because I cannot predict the outcome of the motion to dismiss, the discovery stay should be denied. (*See* ECF 26, Letter Response at 4.) However, Defendant's memorandum of law in support of the motion provides substantial arguments for dismissal of several, if not all, of the claims set out in the Complaint. Those arguments are supported by case law from this Circuit, and so I cannot conclude that Defendant's motion is "unfounded in the law." Because the motion to dismiss may be dispositive of some or all of Plaintiff's claims, which could narrow or eliminate the need for discovery, this factor weighs in favor of granting a stay. *See Richardson,* 2024 WL 2003340, at *2.

On the issue of prejudice, Plaintiff argues that lack of prejudice does not justify a stay, citing *Giuffre v. Maxwell,* No. 15-CV-7433 (RWS), 2016 WL 254932 (S.D.N.Y. Jan. 20, 2016). (*See* ECF 26, Letter Response at 4.) However, *Giuffre* stands for the proposition that lack of prejudice

alone does not justify a stay. *See Giufre,* 2016 WL 254932, at *2. Here, the likely breadth of discovery and the strength of the motion to dismiss both counsel in favor of granting discovery.

Plaintiff also argues that he would be prejudiced by a stay based on "hiding material information" and "elongating the adjudication." (ECF 26, Letter Response at 4.) He goes on to explain that he needs discovery to uncover evidence that he was in fact Defendant's employee. (*See id.*) To begin with, while Plaintiff certainly has an interest in the timely adjudication of his claims, a brief stay while the Court decides the pending motion to dismiss is not generally considered sufficiently prejudicial to warrant denying a stay of discovery. *See Valentini v. Grp. Health Inc.*, No. 20-CV-9526 (JPC), 2021 WL 861275, at *2 (S.D.N.Y. Mar. 8, 2021). Nor does Plaintiff need discovery to demonstrate his status as an employee – the types of information that courts look to when determining whether someone is an employee or an independent contractor is within Plaintiff's knowledge. *See Felder v. United States Tennis Ass'n*, 27 F.4th 834, 838 (2d Cir. 2022) (holding that determining whether someone is an employee as opposed to an independent contractor requires consideration of "non-exhaustive factors drawn from the common law of agency, including control over an employee's hiring, firing, training, promotion, discipline, supervision, and handling of records, insurance, and payroll").

If Judge Ho concludes that Plaintiff has adequately pleaded any of his claims, discovery will proceed at that time. Defendant must retain any information or documentary support relating to this matter while the stay is in place.

For the foregoing reasons, the motion to stay discovery is GRANTED. The Clerk of Court is respectfully requested to terminate ECF 23.

DATED: November 27, 2024
          New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge